1  Thomas I. Rozsa, State Bar No. 080615
2  Zsofia Nemeth, State Bar No. 298240
   **ROZSA LAW GROUP LC**
3  18757 Burbank Boulevard, Suite 220
   Tarzana, California 91356-3346
4  Telephone (818) 783-0990
5  Facsimile (818) 783-0992
   Email: counsel@rozsalaw.com
6

7  Attorneys for Na'im Mustafa
8  doing business as The Nono Bracket,
   and The Nono Bracket Company, LLC
9

Rozsa Law Group LC
Attorneys At Law
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)**

12

13  NA'IM MUSTAFA, an individual,        **CASE NO.: 18-cv-7495**
    doing business as THE NONO
14  BRACKET, and THE NONO                **COMPLAINT FOR:**
    BRACKET COMPANY, LLC, a              1. **DECLARATORY RELIEF FOR**
15  limited liability company of California,   **NONINFRINGEMENT OF**
                                            **UNITED STATES PATENT**
16                                          **9,986,865**
17              Plaintiffs,              2. **DECLARATORY RELIEF FOR**
18                                          **INVALIDITY AND**
                                            **UNENFORCEABILITY OF**
19                                          **UNITED STATES PATENT**
20      vs.                                 **9,986,865**
21                                       3. **FALSE DESCRIPTION**
22  CHRISTOPHER MORRIS, an             4. **CALIFORNIA UNFAIR**
    individual, and DOES 1-10, Inclusive,   **COMPETITION**
23                                       5. **INTENTIONAL INTERFERENCE**
24                                          **WITH CONTRACT**
              Defendant.               6. **INTENTIONAL INTERFERENCE**
25                                          **WITH PROSPECTIVE**
26                                          **ECONOMIC ADVANTAGE**
27
                                         **DEMAND FOR JURY TRIAL**
28

                         **COMPLAINT**

COMES NOW Plaintiff NA'IM MUSTAFA, an individual, doing business as THE NONO BRACKET (hereafter "Mustafa"), and Plaintiff THE NONO BRACKET COMPANY, LLC, a limited liability company of California (hereafter "NONO LLC") (Mustafa and NONO LLC hereafter jointly "Plaintiff") and for his Complaint against CHRISTOPHER MORRIS, an individual (hereafter "Defendant"), and DOES 1-10, complains and alleges as follows:

## NATURE OF THE ACTION

1.      Mustafa is the designer, importer and distributor of the popular Nono Brackets, which are outside or inside mounted blinds curtain rod bracket attachments (hereafter "Nono Brackets"). Mustafa has been offering for sale and selling the Nono Brackets since as early as September 6, 2016. In or about February 2017, Mustafa formed NONO LLC, and NONO LLC took over the offering for sale and sale of the Nono Brackets from Mustafa.

2.      Plaintiff has been and is selling the Nono Brackets through Amazon.com, Walmart.com, Plaintiff's website, www.nonobracket.com, and through other online retail websites. True and correct copies of printouts from Plaintiff's website, from Amazon.com, and from Walmart.com showing Plaintiff's Nono Brackets are attached hereto as **Exhibit 1** and incorporated by reference.

3.      Defendant is the purported inventor of a "Retrofittable System and Apparatus for Hanging Articles on Pre-Installed Supports". On September 19, 2016, Defendant submitted an application to the United States Patent and Trademark Office (hereafter "USPTO") seeking patent protection for his aforementioned purported invention. On June 5, 2018, the USPTO issued U.S. Patent No. 9,986,865 (hereafter '865 Patent) to the Defendant, in connection with his aforementioned system and apparatus for hanging articles. A true and correct copy of the '865 Patent is attached hereto as **Exhibit 2** and incorporated by

Rozsa Law Group LC
Attorneys at Law
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

reference. To the best of Plaintiff's knowledge, Defendant does not offer for sale or sell any products that practice the art set forth in the '865 Patent. Likewise, Plaintiff is informed and believes and based thereon, alleges that Defendant does not license the right to practice the art set forth in the '865 Patent to a third party.

4.     Soon after the issuance of the '865 Patent, Defendant sent infringement notices to Plaintiff's primary customers, Amazon.com and Walmart.com, falsely claiming that Plaintiff was infringing the '865 Patent.

5.     Defendant's infringement notices were not only baseless, they were sent in bad faith. Once the '865 Patent issued, but prior to sending the infringement notices to Plaintiff's customers, Defendant sent a cease and desist letter to Plaintiff alleging infringement of the '865 Patent, but Defendant's letter failed to provide any specific information to Plaintiff as to which claims of the '865 Patent were purportedly infringed. Plaintiff, through its counsel, promptly addressed the Defendant's allegations and explained to Defendant in detail that each of the claims of the '865 Patent included a limitation that were not present in the Nono Brackets and therefore, the Nono Brackets could not possibly infringe, and did not infringe any of the claims of the '865 Patent. Disregarding the evidence and analysis provided by Plaintiff, Defendant proceeded to send his cease and desist letters to Plaintiff's customers that contained knowingly false claims of infringement, with an aim to drive Plaintiff out of business.

6.     Plaintiff seeks declaratory relief on patent non-infringement, and declaratory relief that the '865 Patent is invalid and unenforceable because, *inter alia*, pertinent prior art exists that anticipates or renders obvious the art set forth in the '865 Patent. In addition, the Plaintiff seeks damages for the Defendant's violations of the Lanham Act, 15 U.S.C. §1125, Cal. Bus. & Prof. Code §17200, and tortious interference.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## THE PARTIES

7.    Plaintiff Na'im Mustafa is an individual, doing business as The Nono Bracket, who is domiciled in Valley Village, California 91607.

8.    Plaintiff The Nono Bracket Company, LLC is a limited liability company, with a principal place of business in Valley Village, California 91607.

9.    Plaintiff is informed and believes and based thereon alleges that Defendant is an individual, who is domiciled in Los Angeles, California.

10.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. At such time as the true names and capacities of these DOE defendants are ascertained, Plaintiff will seek leave of the Court to amend its Complaint to allege their true names and capacities.

11.    Plaintiff is informed and believes and based thereon, alleges that at all times mentioned herein, Defendants, and each of them, were and are the agents, servants, employees, parents, subsidiaries, and/or co-conspirators of each other, and were and are acting within the scope of such agency or employment, parent ownership, or subsidiary ownership, or otherwise participated in the improper conduct alleged herein. Each of the Defendants is in some form or manner responsible for the conduct herein complained of, and Plaintiff's harm and damages are proximately caused by the conduct of each.

## JURISDICTION AND VENUE

12.    This is a declaratory action for patent non-infringement and patent invalidity and/or unenforceability. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. §100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §2201 and 2202, based upon an actual controversy between the parties to declare that Plaintiff is free to manufacture, import, distribute, use, market, sell

and/or offer to sell its allegedly infringing Nono Bracket currently sold on Amazon.com and Walmart.com, among other vendors. This Court has original jurisdiction over the subject matter of this cause of action pursuant to Article 1, Section 8 of the United States Constitution, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1338, 1367 and 2201.

13.    This Court has personal jurisdiction over the Defendant who resides in this judicial district.

14.    Plaintiff is informed and believes and based thereon, alleges that the Defendant is subject to the personal jurisdiction of this Court because the Defendant has committed and/or actively induced the improper acts complained of herein, in this judicial district. Plaintiff is informed and believes and based thereon, alleges that the Defendant has substantial and continuous contacts with California, has purposefully availed himself of the privilege of doing business in California, and has, through his claims of infringement, affected the market for Plaintiff's products in California.

15.    The Defendant made threats of litigation for patent infringement in writing, which affects the Plaintiff's business in that its products are shipped to customers and potential customers in California which creates uncertainty and confusion within this judicial district.

16.    Plaintiff is informed and believes and based thereon, alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391and 1400, in that, Defendant resides in this judicial district, the Defendant is subject to the personal jurisdiction of this Court and, inter alia, the matters in controversy arise out of the activities undertaken in this judicial district.

//

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## FACTUAL ALLEGATIONS

17.    As set forth above, Plaintiff is the designer, importer and distributor of the Nono Brackets, which are outside or inside mounted blinds curtain rod bracket attachments.

18.    On September 19, 2016, Defendant submitted a patent application to the USPTO that eventually issued as the '865 Patent.

19.    The '865 Patent entitled "Retrofittable System and Apparatus for Hanging Articles on Pre-Installed Supports" indicates that it was issued by the USPTO on June 5, 2018. According to the records of the USPTO, Defendant is the inventor and owner of the '865 Patent.

20.    On or about June 20, 2018, Defendant sent a cease and desist letter to Mustafa alleging infringement of the '865 Patent, but Defendant's letter failed to provide any specific information to Plaintiff as to which claims of the '865 Patent were purportedly infringed, and it failed to show which one of the Nono Brackets purportedly incorporated each and every element of a single claim of the '865 Patent. A true and correct copy of Defendant's aforementioned letter is attached hereto as **Exhibit 3**.

21.    On or about July 12, 2018, Plaintiff, through its counsel, responded to Defendant's cease and desist letter addressing Defendant's claims. Plaintiff pointed out to Defendant that each and every claim of the '865 Patent contains a claim limitation that is not present in any of the Nono Brackets, and therefore, none of the Nono Brackets infringe upon any of the claims of the '865 Patent. A true and correct copy of Plaintiff's aforementioned response is attached hereto as **Exhibit 4** and incorporated by reference.

22.    As one example, Plaintiff is informed and believes and based thereon, alleges that claims 1 through 6 of the '865 Patent all include the claim element "a) at least one body portion, wherein the at least one body portion defines at least one

Rozsa Law Group LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

body portion hollow, the hollow having only one opening". Without limitation, the Nono Brackets do not have a "body", and an "at least one body portion hollow" does not exist in any embodiment of the Nono Brackets. The Nono Brackets do not infringe any of claims 1 through 6 of the '865 Patent.

23.    As another example, Plaintiff is informed and believes and based thereon, alleges that independent claim 7 and claims 8 through 14 which are dependent claims based on claim 7, all include the claim elements "a) at least one central portion, wherein the at least one central portion defines at least one central portion channel, and wherein the at least one central portion channel has at least two openings" and "c) … wherein the at least one mechanical means for anchoring is configured to pass through the at least one central portion channel and secure the device to at least one pre-installed support". Without limitation, the Nono Brackets do not have any structure which in any way duplicate these claim elements.

24.    Defendant did not respond to Plaintiff's correspondence of July 12, 2018. Instead, on or about July 26, 2018, Defendant sent notices of intellectual property violation to Plaintiff's main customers, Amazon.com and Walmart.com alleging that the Nono Brackets infringed upon the '865 Patent.

25.    As a result of Defendant's notice of intellectual property violation to Amazon.com, Amazon.com advised Plaintiff that failure to resolve the dispute with the rights holder may result in removal of Plaintiff's listings of the Nono Brackets, or the suspension of Plaintiff's Amazon.com selling privileges. A true and correct copy of Amazon.com's communication to Plaintiff is attached hereto as **Exhibit 5** and incorporated by reference. A true and correct copy of the Amazon Services Business Solutions Agreement is attached hereto as **Exhibit 6**. A true and correct copy of the Amazon Intellectual Property Policy is attached hereto as **Exhibit 7**.

26.     As a result of Defendant's notice of intellectual property violation to Walmart.com, Walmart.com advised Plaintiff that "pursuant to our agreement with our marketplace sellers, Walmart allows the marketplace sellers the opportunity to resolve third party claims directly with the claimant". A true and correct copy of Walmart.com's communication to Plaintiff is attached hereto as **Exhibit 8** and incorporated by reference. A true and correct copy of the Walmart Marketplace Program Retailer Agreement, which specifically prohibits sellers from listing and/or selling any products that infringe upon the intellectual property rights of any third party, including, without limitation, any patent rights, is attached hereto as **Exhibit 9**.

27.     Plaintiff has been offering for sale and selling the Nono Brackets since as early as September 6, 2016. A true and correct copy of a printout evidencing that Plaintiff has been selling at least one embodiment of the Nono Brackets as early as September 6, 2016, is attached hereto as **Exhibit 10** and incorporated by reference. Therefore, Plaintiff's first sale of the Nono Brackets precedes Defendant's patent application by 13 days.

28.     Plaintiff is further informed and believes and based thereon, alleges that the '865 Patent is invalid for, without limitation, anticipation, obviousness, insufficient disclosure and indefiniteness. The '865 Patent is invalid, because, without limitation, it is obvious in light of the prior art, including, but not limited to, the Nono Brackets that were on sale before the effective filing date of Defendant's patent application which matured into the '865 Patent.

29.     Plaintiff is informed and believes and based thereon, alleges that prior art that disclosed and/or practiced each claim element of the '865 Patent was known or used by others in this country, or was described in a printed publication in this country prior to the effective filing date of the '865 Patent.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

30.    For example, the prior art relevant to the '865 Patent includes curtain clips, curtain rod bracket attachments and additional art in analogous fields that, when combined, disclose each element of each claim of the '865 Patent, the combination of which would have been obvious to a person having ordinary skill in the art.

31.    Plaintiff is informed and believes and based thereon, alleges that the '865 Patent is invalid for failing to comply with the specification requirements of 35 U.S.C. §112, such as insufficient disclosure and indefinite claim elements.

32.    Plaintiff is informed and believes and based thereon, alleges that the written description of the '865 Patent fails to disclose elements claimed by the '865 Patent in such full, clear, concise, and exact terms as to allow a person having ordinary skill in the art to make and use the claimed invention.

33.    Plaintiff is informed and believes and based thereon, alleges that the claim language of the '865 Patent, when read in light of the specification and prosecution history, fails to inform, with reasonable certainty, those skilled in the art about elements of the claimed invention.

34.    As such, an immediate, real, and justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff is infringing or has infringed the '865 Patent, and whether the '865 Patent is valid and enforceable.

35.    For all the reasons stated herein, Plaintiff has a reasonable apprehension that Defendant will enforce the '865 Patent against Plaintiff and/or Plaintiff's customers, and Defendant will continue to send infringement notices and cease and desist letters to Plaintiff's customers with an aim to drive Plaintiff out of business.

//

//

//

Rozsa Law Group LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

# FIRST CAUSE OF ACTION

## (Declaratory Judgment of Non-Infringement of U.S. Patent 9,986,865)

36.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 35, above.

37.     Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '865 Patent as properly construed, directly, indirectly or contributorily, either literally, or under the doctrine of equivalents, at least because the Nono Brackets lack one or more of the elements required by one or more claims of the '865 Patent.

38.     As one example, in his cease and desist letter dated June 20, 2018, Defendant alleges that the Nono Brackets infringe claim 7 of the '865 Patent. However, claim 7 contains numerous limitations, including requiring "a) at least one central portion, wherein the at least one central portion defines at least one central portion channel, and wherein the at least one central portion channel has at least two openings" and "c) … wherein the at least one mechanical means for anchoring is configured to pass through the at least one central portion channel and secure the device to at least one pre-installed support". At a minimum, the Nono Brackets do not infringe claim 7 of the '865 Patent because they do not contain one central portion channel and they do not contain at least one mechanical means for anchoring configured to pass through the at least one central portion channel.

39.     There is a substantial, immediate, and actual controversy, within the meaning of 28 U.S.C. §2201 and 2202, between Plaintiff and Defendant concerning the non-infringement of the '865 Patent.

40.     Plaintiff is therefore entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the '865 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

41.    Plaintiff is further entitled to attorneys' fees under 35 U.S.C. §285.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity and/or Unenforceability
of U.S. Patent 9,986,865)**

42.    Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs $1-35$, above.

43.    The claims of the '865 Patent are invalid for failure to meet the statutory requirements and/or the requirements specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

44.    As one example, the claims of the '865 Patent are invalid under 35 U.S.C. §102 as anticipated by relevant prior art that disclosed and/or practiced each claim element of the '865 Patent prior to the effective filing date of the '865 Patent.

45.    As another example, the claims of the '865 Patent are invalid under 35 U.S.C. §103 as obvious in light of the relevant prior art that disclosed and/or practiced each claim element of the '865 Patent prior to the effective filing date of the '865 Patent, including, but not limited to, at least one embodiment of the Nono Brackets that was on sale prior to the effective application date of the '865 Patent.

46.    There is a substantial, immediate, and actual controversy, within the meaning of 28 U.S.C. §2201 and 2202, between Plaintiff and Defendant concerning the invalidity and unenforceability of the '865 Patent.

47.    Plaintiff is therefore entitled to a declaratory judgment that the claims of the '865 Patent are invalid or unenforceable for failing to satisfy one or more of the conditions specified in in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

48.    Plaintiff is further entitled to attorneys' fees under 35 U.S.C. §285.

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## THIRD CAUSE OF ACTION

### (False Description)

49.    Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 48, above.

50.    The Defendant's assertions to Amazon.com and Walmart.com that the '865 Patent was infringed by Plaintiff were false and were made in bad faith.

51.    Defendant's notices of infringement to Amazon.com and Walmart.com tend to materially deceive Amazon.com and Walmart.com.

52.    Plaintiff sells the Nono Brackets in interstate commerce and the notices of infringement to Amazon.com and Walmart.com entered interstate commerce and have a likelihood to cause Plaintiff to lose sales and goodwill.

53.    Plaintiff is entitled to damages and injunctive relief against the Defendant in an amount to be determined at trial, together with prejudgment interest, attorneys' fees and costs under 15 U.S.C. §1117(a).

## FOURTH CAUSE OF ACTION

### (California Unfair Competition)

54.    Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 48, above.

55.    Defendant engaged in violations of California's Unfair Competition Law, Cal. Bus. And Prof. Code §17200 *et seq.* (hereafter "UCL") by engaging in unfair and unlawful business acts or practices. As a result of Defendant's unfair and unlawful conduct, the Plaintiff has suffered and continue to suffer injury-in-fact, including, without limitation, ongoing competitive injury.

56.    Defendant's business acts and practices were unfair and unlawful within the meaning of the UCL because, without limitation, Defendant falsely claimed in his notices of infringement to Amazon.com and Walmart.com that Plaintiff infringed the '865 Patent by offering for sale and selling the Nono

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Brackets, when Defendant knew no such infringement was occurring and/or the '865 Patent was invalid.

57.    As a result of Defendant's unfair and unlawful business acts or practices, Plaintiff has suffered irreparable injury and, unless the Defendant is enjoined from such conduct, will continue to suffer irreparable injury, whereby Plaintiff has no adequate remedy at law.

58.    Plaintiff is entitled to restitution and appropriate injunctive relief pursuant to the Court's powers under the UCL.

## FIFTH CAUSE OF ACTION

### (Intentional Interference with Contract)

59.    Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 58, above.

60.    All sellers using Amazon.com, including Plaintiff, are parties to the Amazon Services Business Solutions Agreement (hereafter "ASC") *See* Exhibit 6. Defendant knows that Plaintiff sells the Nono Brackets on Amazon.com. Defendant also knows that as an Amazon seller, Plaintiff is a party to the ASC.

61.    The ASC, among other things, states that every Amazon seller is bound by the terms of not only the ASC, but also the Service Terms and Program Policies, which are incorporated into the ASC.

62.    The Program Policies include that "listing prohibited intellectual property may result in the cancellation of your listings, or the suspension or removal of your selling privileges."

63.    Further, the Amazon Intellectual Property Policy states that Amazon does not allow listings that violate the intellectual property rights of brands or other rights owners.

64.    All sellers using Walmart.com, including Plaintiff, are subject to the Walmart Marketplace Program Retailer Agreement (hereafter WSC). *See* Exhibit

9. Defendant knows that Plaintiff sells the Nono Brackets on Walmart.com. Defendant also knows that as a Walmart seller, Plaintiff is a party to the WSC.

65.    The WSC, among other things, requires that sellers comply with all applicable laws, and that the products sellers list do not infringe any third-party intellectual property rights, including patent rights.

66.    Defendant's intentional acts, namely, sending notices of infringement to Amazon.com and Walmart.com, were designed to disrupt Plaintiff's contractual relationship with Amazon.com under the ASC and with Walmart.com under the WSC.

67.    Defendant succeeded in disrupting Plaintiff's contractual relationship with Amazon.com and Walmart.com, causing damage to Plaintiff by being warned that his Amazon.com and/or Walmart.com listings may be removed and his business accounts with Amazon.com and/or Walmart.com may be suspended.

68.    As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial together with attorneys' fees and prejudgment interest. In addition, Plaintiff is entitled to exemplary damages in an amount to be determined at trial under Cal. Civ. Code §3294(a).

## SIXTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

69.    Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 68, above.

70.    Plaintiff has an economic relationship with Amazon.com and Walmart.com. Plaintiff has been selling the Nono Brackets through his Amazon.com and Walmart.com business accounts, and has the probability of being able to do so in the future.

71.    Defendant knew about Plaintiff's relationship with Amazon.com and Walmart.com, and his intentional actions, namely, sending notices of infringement

Rozsa Law Group LC
Attorneys At Law
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

to Amazon.com and Walmart.com, were designed to disrupt Plaintiff's economic relationship with Amazon.com and with Walmart.com.

72.     Defendant succeeded in disrupting Plaintiff's economic relationship with Amazon.com and Walmart.com, causing damage to Plaintiff by being warned that his Amazon.com and/or Walmart.com listings may be removed and his business accounts with Amazon.com and/or Walmart.com may be suspended.

73.     Defendant's notices of infringement were false, and Defendant submitted his false notices of infringement in bad faith. Further, Defendant knew that his notices of infringement were certain or substantially certain to disrupt Plaintiff's relationship with Amazon.com and/or Walmart.com.

74.     As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial together with attorneys' fees and prejudgment interest. In addition, Plaintiff is entitled to exemplary damages in an amount to be determined at trial under Cal. Civ. Code §3294(a).

//

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

-15-
**COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant as follows:

1.     That this Court declare that Plaintiff has not infringed any valid and enforceable claim of the '865 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents;

2.     That this Court declare that the '865 Patent is invalid and/or unenforceable;

3.     That this Court order the Defendant to withdraw any and all of his notices of infringement to any and all of Plaintiff's customers and/or distributors concerning the Nono Brackets and the '865 Patent;

4.     That this Court issue a preliminary and then a permanent injunction enjoining the Defendant, his agents, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert or participation with him from claiming that Plaintiff and/or other sellers of the Nono Bracket infringe the '865 Patent;

5.     That this Court award Plaintiff damages against the Defendant in an amount to be determined at trial, together with prejudgment and postjudgment interest;

6.     That this Court award Plaintiff exemplary damages in an amount to be determined at trial under Cal. Civ. Code §3294(a);

7.     That this Court award Plaintiff its reasonable costs of suit and attorneys' fees;

8.    That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under 35 U.S.C. § 285;

9.    That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under 15 U.S.C. §1117(a);

10.   That this Court award Plaintiff such other and further relief as the Court may deem just and proper.


Dated: _August 27, 2018_              ROZSA LAW GROUP L.C.


                              By:    /s/ Thomas I. Rozsa
                                     Thomas I. Rozsa
                                     Zsofia Nemeth
                                     Attorneys for Na'im Mustafa
                                     doing business as The Nono Bracket,
                                     and The Nono Bracket Company, LLC

# DEMAND FOR JURY TRIAL

Plaintiffs Na'im Mustafa, doing business as The Nono Bracket, and The Nono Bracket Company, LLC hereby demand that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and California Constitutions, statutes and laws.

Respectfully submitted:

Dated:  August 27, 2018          ROZSA LAW GROUP L.C.

                        By:    /s/ Thomas I. Rozsa
                               Thomas I. Rozsa
                               Zsofia Nemeth
                               ROZSA LAW GROUP L.C.
                               18757 Burbank Boulevard, Suite 220
                               Tarzana, California 91356
                               Tel. (818) 783-0990
                               Fax (818) 783-0992
                               E-mail: counsel@rozsalaw.com

                               Attorneys for Na'im Mustafa
                               doing business as The Nono Bracket,
                               and The Nono Bracket Company, LLC