# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| NA'IM MUSTAFA, an individual, doing business as THE NONO BRACKET, and THE NONO BRACKET COMPANY, LLC, a limited liability company of California,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CHRISTOPHER MORRIS, an individual, and DOES 1-10, Inclusive,<br><br>　　　　Defendant.<br><br>CHRISTOPHER MORRIS, an individual,<br>　　　　Counterclaimant,<br>　vs.<br>NA'IM MUSTAFA, an individual, doing business as THE NONO BRACKET, and THE NONO BRACKET COMPANY, LLC, a limited liability company of California,<br>　　　　Counterclaim Defendants. | Case No.:<br>**2:18-cv-7495-GW (ASx)**<br><br>**PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>**Before Hon. Alka Sagar** |

NA'IM MUSTAFA, an individual, and NONO BRACKET COMPANY, LLC, a limited liability company of California (hereafter jointly "Plaintiffs") and CHRISTOPHER MORRIS, an individual (hereafter Defendant and Counterclaimant jointly "Defendant") (Plaintiffs and Defendant hereafter collectively "Parties") through their respective attorneys of record hereby stipulate and agree as follows:

1. <u>GOOD CAUSE STATEMENT</u>

Good cause exists to enter into this Stipulated Protective Agreement because disclosure in this action during or in conjunction with pre-motion meet and confer discussions, settlement negotiations and discussions, initial disclosures, fact and expert discovery are likely to involve production of confidential and proprietary information of the Parties, including, without limitation, highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Specifically, Plaintiffs have filed a Complaint for declaratory relief for noninfringement of United States Patent 9,986,865, declaratory relief for invalidity and unenforceability of United States Patent 9,986,865, false description, and California unfair competition, intentional interference with contract and intentional interference with prospective economic advantage. Furthermore, Defendant has filed a counterclaim alleging infringement of the 865' Patent and seeking to recover alleged damages by virtue of the sale of products sold by Plaintiffs which Defendant alleges infringe claims of the 865' Patent.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Accordingly, the parties hereby stipulate to, and petition the Court to enter an order concerning confidentiality under the terms set forth by the parties in this Stipulation. This Stipulation is referred to herein as the "Stipulation" or "Agreement."

2. DEFINITIONS

 2.1. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

 2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, discussions, negotiations or responses to discovery in this matter.

 2.3. Trade Secret: information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, as set forth in California Civil Code §3426.

 2.4 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) which shall only be disclosed to

the parties to this litigation and their respective house and outside counsels, as set forth in section 7.2 below.

2.5. <u>"Confidential Outside Counsel Only" Information or Items (hereafter "COCO")</u>: information (regardless of how generated, stored or maintained) or tangible things that are extremely sensitive and whose disclosure to any person other than the parties' respective outside counsel, as set forth in section 7.3 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential Outside Counsel Only."

2.9. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Confidential Outside Counsel Only."

2.10. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11. <u>In-house Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.12. <u>Counsel (without qualifier)</u>: Outside Counsel and In-house Counsel (as well as their support staffs).

2.13. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party.  This definition includes a professional jury or trial

consultant retained in connection with this litigation. Such experts shall sign and date the Declaration attached to this Stipulated Agreement as Exhibit "A".

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.15. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3. <u>SCOPE OF PROTECTION</u>

The protections conferred by this Stipulated Agreement cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Nothing contained herein, however, is intended to limit or prevent parties from introducing evidence at trial to prove its case.

5.  DESIGNATION OF PROTECTED MATERIAL

    5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Stipulation (*see, e.g.*, second paragraph of section 5.2~~1~~(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation must be clearly so designated before the material is disclosed or produced.

    Designation, whether by a Party or a Non-Party, in conformity with this Stipulation requires:

    (a)  <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

legend "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" conspicuously on each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL OUTSIDE COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY") conspicuously on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other proceedings</u>, that the Party or Non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL OUTSIDE COUNSEL ONLY"; however, any Party shall have until twenty-one (21) days after receipt of the deposition transcript within which to designate, in writing, to the other Party(ies) to the action those portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY," and the right to make such designation shall be waived unless made within the twenty-one (21) day period. During such twenty-one (21) day period, the entirety of the transcript shall be deemed designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY" to preserve the right of any party to make a designation of "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY". Only those portions of the testimony that are appropriately designated for

protection within the twenty-one (21) day period shall be covered by the provisions of this Order.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix conspicuously on each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "CONFIDENTIAL OUTSIDE COUNSEL ONLY."

(d) <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, subject to the provisions below.

6. <u>CHALLENGING OF THE CONFIDENTIALITY DESIGNATION</u>

6.1. <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

Scheduling Order. A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND <u>USE OF PROTECTED MATERIALS</u>

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation. Following final resolution of the litigation, a Receiving Party shall comply with the provisions of Section 11, below. Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Stipulation.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)    experts (as defined in this Stipulation) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed off on Exhibit A attached to this Stipulation;

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation; and

    (g)    the author and named recipients of the document, persons who have previously had access to the documents or Confidential Information other than through discovery or disclosures in the litigation, and the original source of the information.

7.3. <u>Disclosure of "CONFIDENTIAL OUTSIDE COUNSEL ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Stipulation) to whom disclosure is reasonably necessary for this litigation and who have signed off on Exhibit A,

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author of the document or the original source of the information.

8. IF PROTECTED MATERIAL IS ORDERED PRODUCED IN ANOTHER LITIGATION OR IS SUBJECT OF A SUBPOENA

If a Receiving Party is served with a subpoena or an order is issued in other litigation or Court proceeding that requires disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY," the Receiving Party shall:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party who's Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the

Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(1) The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(2) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

(3) If the Non-Party fails to seek a protective order from this Court within twenty-one (21) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive

to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. **INADVERTENT OR UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1. <u>Inadvertent Disclosure</u>: Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection, either as to the specific information disclosed or as to any other related information, so long as the holder of the privilege took reasonable steps to prevent disclosure and took reasonable steps to rectify the error. Upon reasonably prompt written request of the Person that produced such information, the receiver of such information must promptly return the information and any copies it has within five business days of receipt of the request; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

10.2 <u>Unauthorized Disclosure</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>FINAL DISPOSITION OF PROTECTED MATERIAL AFTER THE CONCLUSION OF THE PRESENT MATTER</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in Paragraph 4, or ten (10) business days of receiving a written request from the Producing Party after the final disposition of this Action, whichever is later, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, destroy it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation as set forth in Section 4, above.

///

12. <u>MISCELLANEOUS</u>

12.1. <u>Right to Further Relief</u>. Nothing in this Stipulation abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulation no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

//

//

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 3, 2019

Respectfully submitted,

ROZSA LAW GROUP LC

By /s/ Thomas I. Rozsa
    Thomas I. Rozsa
    Zsofia Nemeth
    Attorneys for Plaintiff
    Na'im Mustafa, The Nono Bracket
    Company, LLC

Dated: September 3, 2019

OMNI LEGAL GROUP

By: /s/ Omid E. Kalifeh
    Omid E. Kalifeh
    Ariana Santoro
    Lara A. Petersen
    Attorneys for Defendant and
    Counterclaimant Christopher Morris

*Pursuant to Local Rule 5-4.3.4(a)(2), the filing party attests that Defendants' counsel concurs in the content of this Joint Stipulation and has authorized its filing with his electronic signature.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: September 9, 2019

          / s /
HON. ALKA SAGAR
United States Magistrate Judge

- 16 -
[PROPOSED] ORDER RE STIPULATED PROTECTIVE AGREEMENT

# EXHIBIT A

I, _____, declare that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. I have read and know the contents of the Stipulated Protective Agreement in the matter of Na'im Mustafa, et al v. Christopher Morris, et al. 2:18-cv-7495-GW-ASx pending before the United States District Court for the Central District of California that the Court entered on _____.

4. I am one of the persons described in the Agreement, and I am executing this Declaration and agreeing to be bound by its terms in order to satisfy the conditions provided in the Agreement prior to the disclosure to me of any confidential or confidential outside counsel only information under the Agreement.

5. I have read and I shall be fully bound by the terms of the aforesaid Agreement.

6. All such documents and information which are disclosed to me pursuant to the Agreement shall be maintained by me in strict confidence and I shall not disclose or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the aforesaid Agreement.

7. I shall not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Agreement.

8. I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I receive such documents, and I shall destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

9. I do and shall subject myself to the continuing jurisdiction of the United States District Court for the Central District of California over my person, wherever I shall be, for the enforcement of the aforesaid Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____
[SIGNATURE]